# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 21-01-LPS |
| | ) |
| SAMUEL GULICK, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S UNOPPOSED MOTION TO MODIFY SPECIAL CONDITIONS OF SUPERVISED RELEASE

NOW COMES the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Shawn A. Weede and Ruth Mandelbaum, Assistant United States Attorneys, and hereby submits the following:

1. On February 11, 2021, the defendant, Samuel Gulick, pleaded guilty to a two-count Information charging him with Intentional Damage to a Facility that Provides Reproductive Health Services, in violation of 18 U.S.C. § 248(a)(3) and Possession of an Unregistered Destructive Device under the National Firearms Act, in violation of 26 U.S.C. § 5861(d).  (D.I. 28, 31).

2. Mr. Gulick was sentenced on March 9, 2022.  On March 10, 2022, a Judgment was entered, sentencing the defendant to time served[1] and three years of supervised release, with various conditions.  The Judgment also contained a special assessment, restitution, and forfeiture. (D.I. 59).

3. At the Sentencing Hearing the parties and the Court discussed a condition limiting Mr. Gulick's contact with certain individuals.  The Judgment ultimately did not contain the original proposed condition.

---

[1] At the time of the Sentencing Hearing the defendant had been incarcerated for 26 months.

4. The government now seeks to modify the supervised release conditions contained in the Judgment by adding an additional Special Condition of Supervision, more narrowly addressing Mr. Gulick's contact with certain individuals. The proposed additional Special Condition of Supervision is as follows:

> You must not communicate, or otherwise interact, with John Detwiler, John Hiner, John Hiner, Jr., Melanie Hiner, Joe Roach, or Bella Smith, either directly or through someone else without first obtaining the permission of the probation officer.

5. A Court may modify a defendant's supervised release conditions at any time during the period of supervision. *See* 18 U.S.C. § 3583(e)(2). Conditions may be modified even if the defendant has not violated the terms of supervised release and the defendant's life circumstances have remained unchanged. Fed. R. Crim. P. 32.1(c).

6. The requested modification takes into account the history and characteristics of the defendant, addresses the need to protect the public, and will assist in providing the defendant with needed training, as discussed at the Sentencing Hearing. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C), & (a)(2)(D).

7. The government has consulted with Connor Wilson, attorney for the defendant, who confirmed that Mr. Gulick, has withdrawn the objection lodged at the Sentencing Hearing against the condition of supervision related to contact with certain individuals. Mr. Wilson also confirmed that the defense does not oppose the proposed modification of conditions and waives the hearing required under Federal Rule of Criminal Procedure 32(c)(2)(A). The government has also consulted with Christine Aranda, U.S. Probation Officer, and she supports the modification.

WHEREFORE, the government respectfully requests that the Court grant its Unopposed Motion to Modify Special Conditions of Supervised Release.

Respectfully submitted,

DAVID C. WEISS
United States Attorney

By:  */s/ Ruth Mandelbaum*
     Shawn A. Weede
     Ruth Mandelbaum
     Assistant United States Attorney

Dated: March 14, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 21-01-LPS |
| | ) |
| SAMUEL GULICK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this _____ day of _____ 2022, having considered the Government's Unopposed Motion to Modify Special Conditions of Supervised Release, this Court having found that the sentencing factors support a modification in conditions of release, *see* 18 U.S.C. § 3553(a), **IT IS HEREBY ORDERED** that the motion is **GRANTED**. The defendant shall be subject to the following additional Special Condition of Supervised Release:

> You must not communicate, or otherwise interact, with John Detwiler, John Hiner, John Hiner, Jr., Melanie Hiner, Joe Roach, or Bella Smith, either directly or through someone else without first obtaining the permission of the probation officer.

_____
Honorable Leonard P. Stark
United States District Judge